IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDI POTICHER          , | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 08-CV-1246 |
| FOREWINDS HOSPITALITY, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                            **September 18, 2008**

**I.      Introduction**

Plaintiff brings an action for (1) violation of her rights under 42 U.S.C. § 2000e-5 ("Title VII"), (2) unlawful employment practice under 19 Del.C § 710, *et. seq.*, and (3) breach of implied covenant of good faith and fair dealing, against Defendants Forewinds Hospitality, LLC ("Forewinds"), Sawyer Realty Holdings, LLC ("Sawyer"), Darrell Butler, Steve Furman, Jeff Andrews, Gregory O'Shea, John Doe Corporations A, B, C, and John Doe Individuals 1-10. Presently before the Court is a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Forewinds, Sawyer, and Furman.

**II.     Factual Background and Procedural History**

According to the Complaint, Brandie Poticher ("Plaintiff" or "Poticher") began employment on or about March 28, 2006, at Hartefeld National Golf Club in Avondale, Pennsylvania, which is owned and operated by Defendant Forewinds. Plaintiff alleges she was subject to a hostile work environment from May of 2006 through July of 2006 by Defendants on

the basis of gender.  When Plaintiff complained about the harassment, she claims the Defendants began a pattern of harassment and retaliation against Plaintiff, which included terminating her position and transferring her to Deerfield Golf & Tennis Club in Newark, Delaware, also operated by Forewinds, on a pretextual excuse.  According to the Complaint, on January 2, 2007, Plaintiff was sent a letter of termination by the Director of Human Resources of Forewinds, allegedly because Defendant did not receive medical documentation regarding her wrist surgery that occurred on December 18, 2006.  Plaintiff claims this was a pretextual reason to terminate her.

In the first count, Plaintiff contends that these actions violated her rights under Title VII of the Civil Rights Act of 1964, and she has sustained a loss of employment and income as well as emotional and psychological distress and inability to obtain future employment.  The second count alleges these same actions constitute an unlawful employment practice under 19 Del.C. § 710, *et. seq*.  The third count alleges Defendants' conduct amounts to a breach of the implied covenant of good faith and fair dealing.

### III.    Parties' Contentions

#### A.    Defendants

Defendants Forewinds, Sawyer, and Furman move for dismissal on several grounds.  First, they claim Plaintiff has failed to state a claim for relief for her claims under Title VII (Count I) and 19 Del. C. § 710, *et seq* (Count II) because (1) the EEOC dismissed her claim for sexual harassment as untimely and (2) Plaintiff has not sufficiently pled facts that show a causal connection between the protected activity and the adverse employment action, a required element for a claim for retaliation.  Second, Defendants Forewinds, Sawyer, and Furman also argue

Plaintiff's Complaint fails to maintain a cause of action for Count III, breach of good faith and fair dealing. They allege the Delaware state statute asserted as the basis for Count II provides the exclusive remedy for relief.

Additionally, Defendants Furman and Sawyer assert Plaintiff has failed to state a claim against them. Furman argues the Complaint against him should be dismissed because: (1) individual employees cannot be held liable under Title VII; (2) Furman was not named as a respondent in Plaintiff's EEOC charge; and (3) there are no facts set forth upon which relief can be granted against him. Similarly, Sawyer argues it should be dismissed from the Complaint because: (1) it was not named in the EEOC charge; (2) Plaintiff did not allege that Sawyer executed any discriminatory acts; and (3) Plaintiff has not pleaded sufficient facts to show there is a commonality of interest between Sawyer and Forewinds, a requirement in order to fall under the exception of not naming a defendant in the EEOC charge.

**B.     Plaintiff**

Plaintiff responds by asserting she has sufficiently pleaded each claim in her Complaint and can maintain actions against both Sawyer and Furman. Alternatively, Plaintiff requests an opportunity to amend her Complaint to add factual allegations in support of each her claims advanced.

First, Plaintiff asserts Counts I and II should not be dismissed for failure to state a claim for relief. Plaintiff argues the Third Circuit holds the Court is not bound by the EEOC's decision that Plaintiff's administrative complaint was untimely. Further, Plaintiff alleges in the Complaint that the discriminatory acts were ongoing up and until her date of termination, January 2, 2007, and therefore, her claim for hostile work environment is not time barred. Additionally, Plaintiff

asserts she has met the requirements to plead her retaliation claim under Count I and II because she has in fact pleaded facts that, if accepted as true, establish a causal connection between her protected activity and Defendants' adverse action.

Second, Plaintiff asserts her claim for breach of an implied covenant of good faith and fair dealing is viable because Pennsylvania, not Delaware, contract law should apply to this claim. According to the Plaintiff, an at-will employee can maintain a cause of action for breach of the covenant of good faith and fair dealing, and since Plaintiff has pleaded sufficient facts based upon Pennsylvania law, Count III should not be dismissed.

With respect to the claim against Defendant Furman, Plaintiff concedes she cannot maintain her individual action under Title VII. However, Plaintiff asserts she is entitled to make her claims against Furman individually under 19 Del. C. §710. In response to Furman's other arguments, Plaintiff asserts that they meet the requirements of an exception to the general rule that a discrimination complaint may not be brought against a party not named in the EEOC charge. According to Plaintiff, district courts will allow a discrimination suit to proceed if the party received notice of the EEOC action and there was a commonality of interest. Plaintiff argues the former exception is a question of fact, not properly subject to a motion to dismiss and the latter exception applies because Furman controlled the business activities and personnel decisions of Hartefeld and has a corporate relationship with Forewinds.

On similar grounds, Plaintiff argues her claim against Defendant Sawyer should not be dismissed. Plaintiff asserts she pleaded a sufficient commonality of interest between Forewinds and Sawyer because on Sawyer's website, Forewinds is described as a division of their firm. Additionally, Sawyer was sent notice of EEOC's Dismissal and Notice of Rights since it was

sent to general counsel for Sawyer. Lastly, Plaintiff claims a parent corporation can be held liable for discriminatory actions of its subsidiary by piercing the corporate veil. Lastly, Plaintiff responds to Sawyer's last argument that she did not plead allegations sufficient to show Forewinds and Sawyer as a single entity by arguing their interrelationship is still unknown and thus she should be allowed to proceed with discovery to meet the requirements.

### III. Legal Standard

When deciding a motion pursuant to Rule 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d. Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to state a valid complaint a plaintiff must make a "showing" that is more than just a blanket assertion that he is entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "We caution that without some factual allegation in a complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also 'grounds' on which the claim rests." Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 n. 3 (2007).

### IV. Discussion

The Court has carefully reviewed the briefs of the parties and understands the applicable legal principles, which have been well briefed by the parties. The Court concludes that plaintiff has satisfied the pleading requirements of Rule 8, but has volunteered in her brief to amend the

5

Complaint to cure certain deficiencies.  Under Rule 15, Federal Rules of Procedure, the Court is obliged to grant amendments liberally, and Plaintiff has the ability to amend the Complaint as of right, without leave of court.  The Court has concluded that detailed discussion of the applicable legal standards would serve no purpose in that an Amended Complaint will be required, as a result of which Plaintiff will clarify the claims.

The Amended Complaint will not name any individual Defendants in the Title VII claim, which Plaintiff concedes is improper.  The Amended Complaint should also state facts that should satisfy the requirement that an entity not named in the EEOC proceedings may nonetheless be sued in District Court under the commonality of interest doctrine.  As to the Defendants' claims of untimeliness, the Amended Complaint should state facts supporting Plaintiff's argument that the claims are not time barred under the continuing violations theory, as argued by the Plaintiff in her brief.  The Amended Complaint should also add facts alleging a causal relationship between the protected activity and adverse employment conditions.  Lastly, the Amended Complaint should specify that Count III is brought under Pennsylvania law and contains facts showing the connection between Plaintiff and Pennsylvania.

Although the court is not precluding Defendants from filing a motion to dismiss such an Amended Complaint, the Court candidly believes, after reviewing the briefs, that it would be preferable for the case to proceed into discovery with Defendants reserving their legal positions for dispositive motions at the close of all discovery.

For the above reasons, the Motion to Dismiss will be **GRANTED** in part and **DENIED** in part, with leave for the Plaintiff to file an Amended Complaint within twenty-one (21) days.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDI POTICHER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 08-CV-1246 (MMB) |
| FOREWINDS HOSPITALITY, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

AND NOW, this 18th day of September, 2008, it is hereby **ORDERED** that Defendants' Motion to Dismiss (Doc. No. 3), is **GRANTED** in part and **DENIED** in part, and Plaintiff shall file an Amended Complaint within twenty-one (21) days.

                  **BY THE COURT:**

                  **/s/ Michael M. Baylson**

                  _____
                  **U.S.D.J.**

O:\CIVIL 07-08\08-1246.memo.order.Poticher12(b)(6).wpd